UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCALA, LLC,

    Plaintiff,

v.                                                    CASE NO. 8:24-cv-1479-SDM-AAS

RVLOCK & CO, LLC,

    Defendant.
_____/

**ORDER**

    Alleging that RVLock & Co, LLC, submitted improper patent-infringement claims to Amazon.com to prevent Marcala, LLC, a competitor of RVLock, from selling recreational vehicle (RV) door locks on Amazon.com, Marcala (1) requests a declaration that Marcala's locks infringe no patent and that RVLock's patents are invalid and (2) asserts a claim under the Florida Deceptive and Unfair Trade Practices Act. Marcala moves (Doc. 8) for an order preliminarily (1) enjoining RVLock from submitting an infringement claim to Amazon, (2) enjoining RVLock from "any further interference in [Marcala's] business," and (3) enjoining RVLock from "interfere[ing] with or prevent[ing] . . . the restoration" of Marcala's listing for sale on Amazon.com Marcala's RV locks. (The motion violates Local Rule 6.01(a)(6) and Local Rule 6.02(a)(1) because the motion includes no proposed order; each of these violations offers a basis for denial of the motion.) RVLock opposes (Doc. 15) the motion, and Marcala requests (Doc. 20) an evidentiary hearing and oral argument.

## BACKGROUND

Marcala and RVLock manufacture and sell RV door locks operated by entering a numeric code on a keypad attached to the lock.  Last year, after settling a trademark action against Marcala, RVLock purchased the rights to two patents covering a "deadbolt lock" operated by either a "touchpad" or a "computer input device" "mounted on the exterior portion of the [lock's] housing . . . ."  Entering a "preselected code" on the "touchpad" or "computer input device" "actuates the motor and contemporaneously shifts the deadbolt lock between the locked and unlocked positions."  (Doc. 8, Ex. D and Ex. E)

RVLock submitted to Amazon.com several allegedly improper claims that certain models of RV locks sold by Marcala infringed the two patents owned by RVLock.[1]  Beginning in February 2024, Amazon began removing Marcala's locks from Amazon.com.  Amazon informed Marcala that Amazon would permit Marcala to sell the locks if Marcala submitted a "court order stating [that] you are allowed to sell the products" or submitted a "letter of non-infringement from legal counsel."  (Doc. 8, Ex. 2)  Alternatively, Marcala could either work with RVLock to secure a "retraction" of RVLock's claims or participate in "Amazon Patent Evaluation Express proceedings" (APEX), in which a "third-party determines whether a product sold on Amazon.com likely infringes a utility patent[.]"  (Doc. 8 at 5–6)

---

[1] RVLock asserts that RVLock submitted claims based on one patent only. Consequently, RVLock argues that Marcala can assert no claim as to the other patent.

Marcala participated in APEX. After reviewing briefs submitted by Marcala and by RVLock, an "Amazon appointed evaluator . . . issued her 'Neutral Patent Evaluation Decision Form[,]'" which determined that RVLock "'is likely to be able to prove' that [four of Marcala's] [p]roducts 'fall[] within the scope of claim 1'" of one of RVLock's patents. (Doc. 8 at 6) Based on the result of APEX, Amazon declined to permit Marcala to sell the RV locks on Amazon.com. Marcala sued RVLock two weeks later. Marcala moves for a temporary restraining order and a preliminary injunction against RVLock's enforcement of RVLock's patents.

## ANALYSIS

To secure a preliminary injunction, Marcala must establish (1) that Marcala enjoys a "substantial likelihood of success on the merits"; (2) that Marcala will suffer an "irreparable injury . . . unless the injunction issues"; (3) that "the threatened injury to [Marcala] outweighs whatever damage the proposed injunction may cause [RVLock]"; and (4) that the injunction is not "adverse to the public interest." *Callahan*, 939 F.3d at 1257; *Reebok Int'l Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1555 (Fed. Cir. 1994). Marcala, the party challenging the patents' validity, bears the burden of establishing the invalidity of the patents and overcoming the presumption that the patents are valid. *Microsoft Corp. v. I4I Ltd. Partnership*, 564 U.S. 91, 95 (2011). Any "delay in seeking a preliminary injunction of even only a few months — though not necessarily fatal — militates against" a preliminary injunction. *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016).

A careful review of the parties' papers and the material in the record militates against a preliminary injunction. Rather than attempt to secure a preliminary injunction immediately after RVLock submitted claims to Amazon, Marcala waited several months, during which time Marcala participated in APEX. Marcala sued and requested an injunction only after a neutral party issued an unfavorable decision. Marcala's delay in requesting an injunction militates against any finding of an "irreparable harm." Also, Marcala's requested relief, that is, an order preventing RVLock from enforcing a presumptively valid patent, serves no public purpose. *Mayo Clinic Jacksonville v. Alzheimer's Inst. of Am., Inc.*, 683 F. Supp. 2d 1292, 1295 (M.D. Fla. 2009) (quoting *Precision Instrument Mfg. Co. v. Automotive Maint. Mach. Co.*, 324 U.S. 806, 816 (U.S. 1945)); *Canon Inc. v. GCC Int'l Ltd.*, 450 F. Supp. 2d 243, 257 (S.D.N.Y. 2006), *aff'd*, 263 Fed. Appx. 57 (Fed. Cir. 2008).

For these reasons and others stated by RVLock, the motion (Doc. 8) for a temporary restraining order and a preliminary injunction is **DENIED**. Marcala's request (Doc. 20) for an oral argument is **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on July 1, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE